**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00744-CMA

JAMES R. DAVID II,

    Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security

    Defendant.

---

**ORDER GRANTING APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

---

This matter is before the Court on Plaintiff-Appellant's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (Doc. # 21.) For the reasons discussed below, Plaintiff's Motion is GRANTED.

## I. BACKGROUND

The facts and procedural history of this case are set out at length in a September 30, 2010 Order ("September 30 Order"), in which the Court reversed the June 13, 2008 decision ("June 13 Decision") of the Administrative Law Judge ("ALJ"), and remanded the matter to the Commissioner for further proceedings. (Doc. # 18.) Pursuant to the Court's September 30 Order, the Clerk of Court entered Judgment in favor of Plaintiff James R. David II and against Defendant Michael Astrue, Commissioner of Social Security. (Doc. # 19.) On December 6, 2010, Plaintiff timely file the instant Application for Attorney Fees, seeking a fee award in the amount of $6,000 for 36.1 hours of work.

(Doc. # 21.)[1]  Defendant responded on December 20, 2010 (Doc. #23) and Plaintiff replied on December 23, 2010 (Doc. # 24).  In his Reply, Plaintiff requests an additional award of $520.50 to cover fees generated for an additional three hours spent reviewing and replying to Defendant's Response.[2]  (Doc. # 24 at 4.)

## II.  PLAINTIFF'S EAJA REQUEST

In support of the fee request, Plaintiff asserts that the ALJ's denial of disability benefits lacked substantial justification, as a result of errors committed by the ALJ while evaluating Plaintiff's claims.  (Doc. # 24 at 2.)  In opposition to Plaintiff's Motion, Defendant asserts that the ALJ's June 13 Decision and the Commissioner's position in defending this case were substantially justified.  (Doc. # 23 at 2-14.)

Under the EAJA, a party prevailing against the United States, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  As stated by the Tenth Circuit, where, as in the instant case, a Social Security disability claimant obtains a district court remand to the Commissioner

---

[1]  In support of the Application for Attorney Fees, Plaintiff's counsel submitted a Consumer Price Index table from the Bureau of Labor Statistics' web site, EAJA fee calculations, and a Declaration, with an explanation of the services rendered.  (Docs. ## 21-1 through 21-3.)  Although Plaintiff's Application for Attorney Fees identifies the amount of incurred fees as $6,198.55, Plaintiff voluntarily reduced his fee request to $6,000 "to avoid concerns about his billing based upon tenths of the hour."  (Doc. # 21-2.)

[2]  In his Reply, Plaintiff makes no mention of his earlier voluntary reduction of his fee request from $6,198.55 to $6,000.

under 42 U.S.C. § 405(g), he is a prevailing party for EAJA purposes. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). Further, "[t]he Commissioner has the burden of demonstrating that his position was substantially justified, a test that, in [the Tenth Circuit], means his position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person. Even though the Commissioner's position turns out to be incorrect, it can still be justified. Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified." *Harrold v. Astrue*, 372 F. App'x 903, 904 (10th Cir. 2010) (unpublished) (internal citations and quotations omitted).

In the instant case, in the September 30 Order, the Court identified the following three grounds for reversal and remand. First, the ALJ did not analyze or discuss obvious contradictions and varying degrees of substantiation between the opinions of Dr. Meredith Campbell, a non-treating, examining psychologist, and Dr. Nancy Winfrey, a testifying psychological expert. As an example, Dr. Campbell found moderate limitations in Plaintiff's ability to understand, remember, and carry out complex instructions, whereas, Dr. Winfrey opined that Plaintiff had mild limitations. Additionally, Dr. Campbell found marked limitations in Plaintiff's ability to make judgments on complex work-related decisions, whereas, Dr. Winfrey opined that Plaintiff only had mild limitations. Drs. Campbell's and Winfrey's opinions concerning Plaintiff's social functioning were similarly contradictory. Moreover, in support of her conclusions, Dr. Campbell cited to the results of an intelligence scale evaluation and Plaintiff's history

of substance abuse, anxiety, and paranoia, whereas, the record lacked any indication as to what, if anything, Dr. Winfrey relied upon to support her opinion. (Doc. # 18 at 19-20.) In sum, the Court found the ALJ's analysis and conclusions concerning Plaintiff's intellectual and social functioning too cursory. (*Id.* at 21.) Thus, the Court stated, "[b]ased on the deficiencies in the ALJ's assessment of Plaintiff's mental RFC, remand is warranted for a more thorough analysis of Plaintiff's RFC, in light of Dr. Campbell's comprehensive evaluation of Plaintiff's intellectual and social functioning." (*Id.* at 22.)

Second, the ALJ's credibility determinations regarding Plaintiff's testimony concerning Plaintiff's ability to function socially was not based on substantial evidence; rather, the ALJ merely cited to Plaintiff's lack of mental health therapy and Dr. Winfrey's own conclusions. (*Id.* at 26.)

Third, the ALJ failed to resolve sufficiently the conflict between the DOT for the identified positions (*i.e.*, electronics worker, production assembler, and cafeteria attendant), the vocational expert's testimony, and Plaintiff's assessed limitations, especially that Plaintiff may interact with the public only occasionally and that Plaintiff should avoid overhead reaching.

Defendant styles the bases for the Court's reversal and remand as failures to adequately articulate how the evidence supported his decision. As such, Defendant asserts that such failures in articulation do not warrant an award of attorney fees. (Doc. # 23 at 7-8.) However, the Court finds that the ALJ's failure to resolve sufficiently the conflict between the DOT for the identified positions, the vocational expert's testimony,

and Plaintiff's assessed limitations was unreasonable.  *See Prieto v. Astrue*, No. 07-cv-13, 2008 WL 376215, at *2 (D. Utah Feb. 11, 2008) (unpublished) (finding the government's position had no reasonable basis in law where the ALJ failed to resolve an apparent conflict between the testimony of the VE and the DOT by eliciting a reasonable explanation from the VE as required under S.S.R. 00-4p, 2000 WL 1898704).

The Court also finds that the Commissioner's denial of Plaintiff's application for benefits was not substantially justified because the ALJ failed to base his credibility determinations on substantial evidence; rather, the ALJ unreasonably based his credibility determinations on Plaintiff's lack of mental health therapy and on the testifying expert's own unsupported conclusions.  *See Seip v. Astrue*, No. 07-cv-01946, 2009 WL 5217923, at *2 (D. Colo. Dec. 28, 2009) (unpublished) (finding that the Commissioner's position was not substantially justified where the ALJ's credibility determination resulted in clear error); *Elzey v. Chater*, 927 F. Supp. 1436, 1437 (D. Kan. 1996) (finding that the Commissioner's position was not substantially justified where the ALJ's credibility determination was based in substantial part on one exhibit and the ALJ's reasoning was unsupported by the record).  Accordingly, the Court finds that Plaintiff is entitled to EAJA fees.

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of the fee request.  Having reviewed counsel's billing summaries, the Court finds that Plaintiff's fee request is reasonable; Defendant has not

presented any arguments to the contrary.  Thus, the Court will grant Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act in the amount specified in his Application, *i.e.*, $6,520.50 ($6,198.55 original request - $198.55 voluntary reduction + $520.50 additional fees).

### III.  CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1) Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. # 21) is GRANTED; and

(2) Defendant is ordered to pay $6,520.50 to Plaintiff in attorneys' fees under the EAJA.  The EAJA attorney fee award shall be made payable to Plaintiff and delivered to Plaintiff's attorney.

DATED:  April __08__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge